UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
     :
TRUSTEES OF THE NEW YORK CITY DISTRICT    :
COUNCIL OF CARPENTERS PENSION FUND,     :
WELFARE FUND, ANNUITY FUND, et al.,       :     15-CV-783 (JMF)
     :
                        Petitioners,    :     MEMORANDUM OPINION
     :     AND ORDER
         -v-    :
     :
INSTALLATIONS OF AMERICA, INC.,    :
     :
                        Respondent.    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On February 3, 2015, Petitioner filed a Petition to Confirm Arbitration. (Docket No. 1). On February 9, 2015, the Court set a briefing schedule for Petitioner's submission of any additional materials in support of the Petition, Respondent's opposition, and Petitioner's reply. (Docket No. 5). Petitioner served Respondents with the Petition, supporting materials, and the briefing schedule. (Docket Nos. 7, 12). Pursuant to the briefing schedule, Respondent's opposition was due no later than March 9, 2015. (Docket No. 5). To date, Respondent has neither responded to the petition nor otherwise sought relief from the Award.

        The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Const. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration

awards). After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award. Accordingly, the Court grants Petitioner's unopposed petition to confirm the entire Award.

Petitioner also seeks an award for its attorney's fees and costs. (Docket No. 11, at 6-9). Pursuant to the terms of the parties' collective bargaining agreements (*see* Luke Powers Decl. (Docket No. 9), Ex. B, Art. XVI, § 11(a)), and Section 502(g) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g), Petitioner is plainly entitled to "reasonable attorney's fees and costs." Upon review of Petitioner's submissions (*see* Michael Isaac Decl. (Docket No. 10)), the Court finds that the requested fees of $1,687.50 and costs of $467.50 are reasonable.

Petitioner is directed to submit a proposed Judgment consistent with this Memorandum Opinion and Order to the Orders and Judgments Clerk of this Court by **March 25, 2015**.

The Clerk of Court is directed to terminate Docket No. 8.

SO ORDERED.

Dated: March 11, 2015  
New York, New York

JESSE M. FURMAN  
United States District Judge